307 F. Supp. 559

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN THE MATTER OF WESTEC  )
CORPORATION              )     DOCKET NO. 27

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

Westec Corporation (Westec) was formed in 1964 through the merger of Western Equities Corporation (Western) and Geo-Space Corporation (Geo-Space). Western stock had been traded on the American Stock Exchange and Westec took over its listing. Following the merger the stock advanced from about three dollars per share to more than sixty-five dollars per share. On August 25, 1966 the American Stock Exchange suspended trading on Westec stock and on September 26, 1966 Westec filed a petition in the United States District Court for the Southern District of Texas for the appointment of a trustee under Chapter X of the Bankruptcy Act.

The following day Mr. Orville S. Carpenter was appointed trustee and on August 23, 1968 he filed an action in the

---

*Although Judges Murrah, Lord and Weigel were unable to attend the hearing they have, with the consent of all parties, participated in this decision.

Southern District of Texas on behalf of Westec, the creditors, and a class composed of Westec stockholders and others[1]/ naming some 93 individual and corporate defendants and alleging damages of "many millions of dollars." Twenty other related actions were filed in the Southern Districts of Texas and New York. With the exception of certain claims against the American Stock Exchange (Exchange) and Chase Manhattan Bank (Chase) which were severed and retained, the actions filed in the Southern District of New York were transferred to the Southern District of Texas under 28 U.S.C. Section 1404(a). See *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.) 1968 *cert. denied*, 89 Sup. Ct. 444; *Schneider v. Sears*, 265 F. Supp. 257 (S.D.N.Y. 1967). (The actions now pending in the Southern District of Texas are listed on Schedule B.)

Judge Allen B. Hannay of the Southern District of Texas has been designated to supervise the Chapter X reorganization and all related actions filed in or transferred to the Southern

---

[1]/ The complaint, in pertinent part, provides:

2. This action is brought on behalf of Westec Corporation on behalf of (a) itself, (b) the Fraud Claimants for Creditors Class Six as set forth in the Trustee's Amended Plan of Reorganization heretofore filed in Civil Action #66-H-62 styled In The Matter of Westec Corporation, Debtor, a Proceeding for the Reorganization of a corporation now pending in this Court, and (c) as a class action for all persons who sustained a loss as a result of any purchase of or bona fide loan against the common stock of the aforesaid Debtor corporation between September 2, 1964 and August 25, 1966, or who otherwise were injured as a result of the unlawful practices, conduct activities described herein or who were damaged as a consequence thereof who may appear herein and prove their claims as provided in Rule 23, Federal Rules of Civil Procedures, as amended.

District of Texas have been assigned to him. Judge Hannay has consolidated these actions for the purpose of discovery and has appointed a "working committee" of counsel. Discovery is generally being conducted in accordance with the *Manual for Complex and Multidistrict Litigation*.

On June 17, 1969 the First National Bank of Dallas (First National), the defendant in three actions pending in the Northern District of Texas, (see Schedule A attached) filed a motion with the Panel to transfer these three actions to the Southern District of Texas for coordinated or consolidated pretrial proceedings under Section 1407.[2/] All parties in these three actions are defendants in the *trustee's action* and it is clear that these three actions and those pending in the Southern District of Texas share a great many common questions of fact. The transfer of these three actions to the Southern District of Texas will serve the convenience of the parties and their witnesses and will promote their just and efficient conduct. The motion of First National will be granted and these three actions will be transferred to the Southern District of Texas and assigned to Judge Hannay for coordinated or consolidated pretrial proceedings.

Mr. Fred L. Hall is the President of the Lewisville (Texas) National Bank and is the brother of Ernest M. Hall, Jr.,

---

2/ Two of the plaintiffs, A. G. Edwards & Son and Paine, Webber, Jackson & Curtis have joined in the defendant's motion and the other plaintiff, G. C. Haas and Company, does not oppose the proposed transfer.

- 4 -

the former President of Westec.3/ On June 23, 1967, he filed a libel action against Dow Jones & Co., Inc. (Dow Jones) in the United States District Court for the Northern District of Texas.4/ (See Schedule A.) Dow Jones has filed a motion with the Panel to transfer this action to the Southern District of Texas for coordinated or consolidated pretrial proceedings; Hall vigorously opposes such a transfer.

The action is based on an editorial published in the June 19, 1967 issue of *Barron's* and reproduced in the margin.5/ The plaintiff specifically alleges that three of the statements contained in the editorial are "false, malicious and in reckless disregard of the truth." The allegedly untrue statements are (1) that Westec is bankrupt, (2) that Westec's bookkeeping is "dubious" and (3) that Fred Hall engaged in any "dubious stock manipulations." Dow Jones raises defenses of "truth" and "fair comment," both absolute

---

3/ Ernest M. Hall, Jr. and James W. Williams, former Chairman of the Board of Westec, are defendants in the *trustee action* and most of the other actions involved in this litigation. Both were convicted of criminal charges related to this matter.
4/ Jurisdiction is based on diversity of citizenship and a damage claim in excess of $10,000.
5/ "THE LEWISVILLE NATIONAL BANK of Lewisville, Texas, with deposits of $2,750,000, scarcely seems deserving of national attention. But the Lewisville's president is one Fred M. Hall, Jr., former president of the bankruptcy Westec Corp. So deeply is the former involved in the latter's dubious bookkeeping and stock manipulations that he would appear to have disqualified himself as a banker. All this has been plainly on the record for almost a year. The Johnson Administration, it will be recalled, last year persuaded Congress to give the nation's banking agencies greater disciplinary power over errant bank officials. Up to now, the citizenry of Lewisville (and elsewhere) should note, the Washington officialdom has seen no evil."

defenses under Texas law. We agree that the facts necessary to establish such defenses are sufficiently related to the facts necessary to establish liability (or nonliability) in all of the other related actions as to make them *common* within the meaning of Section 1407.[6] We think they will necessarily involve testimony from the same witnesses and reliance upon the same documentary evidence.

Counsel for the plaintiff opposes transfer of his action to the Southern District of Texas on the ground that transfer will not serve the convenience of his client and witnesses. However, Fred Hall is a defendant in several of the actions already pending in the Southern District of Texas and he will be involved in discovery occurring in that district since the *majority* of witnesses and documents relating to the Westec collapse are located there and many of the records are under the control of the reorganization court in Houston. Despite his argument to the contrary, we are convinced that the transfer of this action to the Southern District of Texas will clearly serve the convenience of this plaintiff and his witnesses for otherwise they might be required to participate in discovery being conducted by two different district courts.

The Dow Jones motion will be granted and this action will be transferred to the Southern District of Texas and

---

[6] The existence of different questions of *law* does not preclude transfer under Section 1407. *In re Cincinnati Air Disaster* (American) 295 F. Supp. 51 (JPML 1968).

assigned to Judge Hannay for coordinated or consolidated pretrial proceedings on the common issues.[7]

This is large complicated multidistrict litigation with many common parties. Each of these actions involves essentially identical questions of fact and many involve related questions of law. The Southern District of New York has, on several occasions, determined that actions brought there arising from the Westec collapse should be transferred to the Southern District of Texas under 28 U.S.C. Section 1404(a). See, *e.g.*, *Schneider v. Sears, supra*. This decision has been affirmed by the Second Circuit. *Wyndham Associates v. Bintliff, supra*. While not binding on the Panel, these decisions are entitled to great weight and we think that the promotion of the just and efficient conduct of all of these actions compels their transfer to the Southern District of Texas.

When the claims against the other defendants in the *Wyndham* and *Friedman* cases were transferred to the Southern District of Texas under Section 1404(a) the claims against the Exchange and the Chase were severed and retained in the Southern District of New York.[8] *Wyndham Associates v. Bintliff, supra*. The possible transfer of these two residual actions has been considered by the Panel on its own initiative.

---

[7] This action may, of course, be remanded for trial or other proceedings as soon as discovery involving common issues of fact is completed.

[8] One of the reasons for declining transfer of these cases was the Court's determination that they could not have been originally brought in the Southern District of Texas and therefore could not be transferred to that district under 1404(a). Such a lack of venue does not preclude transfer under section 1407.

All parties in these two actions vigorously oppose transfer claiming there are few if any common questions of fact and urging that the convenience of all parties and their witnesses would be best served by leaving the actions in the Southern District of New York where the parties and witnesses are located. We think it particularly significant that neither Chase nor the Exchange were named as defendants or co-conspirators in the comprehensive action brought by the trustee. We also note that the plaintiff's *class action claims* have been disallowed thus avoiding any possible class action conflict with the *trustee's action*. We are convinced that the just and efficient conduct of these two actions would not be furthered by their transfer under section 1407.

IT IS THEREFORE ORDERED that the four actions listed on the attached Schedule A now pending in the Northern District of Texas are hereby transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Allen B. Hannay for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. The two actions now pending in the Southern District of New York are not affected by this order.

DOCKET NO. 27                                    SCHEDULE A

## NORTHERN DISTRICT OF TEXAS

1. G. C. Haas & Co. v. First National            Civil Action
   Bank of Dallas                                No. 3-2740-A

2. Paine, Webber, Jackson & Curtis v. First     Civil Action
   National Bank of Dallas                       No. 3-2729-A

3. A. G. Edwards & Son v. First National         Civil Action
   Bank of Dallas                                No. 3-2763-A

4. Fred L. Hall v. Dow Jones & Co.,              Civil Action
   Inc.                                          No. 3-2110-C

## SOUTHERN DISTRICT OF NEW YORK

5. Wyndham Associates, et al. v. American        Civil Action
   Stock Exchange                                No. 67 Civ. 2611

6. Maurice M. Friedman, et al. v. The Chase      Civil Action
   Manhattan Bank, N.A.                          No. 67 Civ. 3661

DOCKET NO. 27                                              SCHEDULE B

## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| 1. | Robert Miller v. James W. Williams, et al.  (*) | Civil Action No. 67-H-268 |
| 2. | Mitchell Rysansky v. Ernest M. Hall, et al. | Civil Action No. 66-H-649 |
| 3. | Schneider v. H. A. Sears, et al.  (*) | Civil Action No. 67-H-261 |
| 4. | Weingarten v. Robert W. Bull, Jr., et al.  (*) | Civil Action No. 67-H-269 |
| 5. | Stephen E. Leber v. Westec Corp., et al.  (*) | Civil Action No. 67-H-262 |
| 6. | Lattman v. Ince, et al.  (*) | Civil Action No. 67-H-265 |
| 7. | Westec Corp. v. E. M. Hall, Jr., et al. | Civil Action No. 66-H-583 |
| 8. | Ada Elster v. James W. Williams, et al.  (*) | Civil Action No. 67-H-263 |
| 9. | Beulah Curtis v. Westec Corporation, et al.  (*) | Civil Action No. 67-H-264 |
| 10. | Benjamin Messinger, et al. v. Westec Corporation, et al.  (*) | Civil Action No. 67-H-270 |
| 11. | Albert Nagelberg v. George H. Wolf, et al.  (*) | Civil Action No. 67-H-266 |
| 12. | Herman Siegel v. Westec Corporation, et al.  (*) | Civil Action No. 67-H-267 |
| 13. | Cosmos Bank v. David S. Bintliff, et al.  (*) | Civil Action No. 67-H-590 |
| 14. | Commercial Discount Corp. v. Ernest M. Hall, Jr., et al. | Civil Action No. 67-H-572 |
| 15. | John H. Hurbrough v. Moroney, Beissner & Co., Inc., et al. | Civil Action No. 67-H-576 |
| 16. | Chemetron Corp. v. Business Funds, Inc., et al. | Civil Action No. 67-H-642 |

- 2 -

| | | |
|---|---|---|
| 17. | E. F. Hutton & Co., Inc. v. John D. Brown | Civil Action No. 68-H-592 |
| 18. | Donald McGregor & Tupper Lake Corp. v. James W. Williams, et al. | Civil Action No. 67-H-654 |
| 19. | Wyndham Associates, et al. v. David C. Bintliff, et al.  (*) | Civil Action No. 69-H-371 |
| 20. | Maurice M. Friedman, et al. v. David C. Bintliff, et al.  (*) | Civil Action No. 69-H-372 |
| 21. | Orville S. Carpenter v. E. M. Hall, Jr., et al. | Civil Action No. 68-H-738 |

(*) Transferred from the Southern District of New York under 28 U.S.C. §1404(a).